UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAWRENCE OBSTFELD,                )
individually and derivatively     )
on behalf of TOEV MEDICAL         )          Civ. No. 07-5847 (DAB)
CORPORATION, and                  )
IGNITION VENTURES, INC.,          )
                                  )
                Plaintiffs,       )
                                  )
        v.                        )
                                  )
ARTHUR SCHWARTZ,                  )
RONALD SOLAR,                     )
RENAISSANCE BIOMEDICAL, INC.,     )
GLEN LIEBER, and                  )
THERMOPEUTIX, INC.,               )
                                  )
                Defendants.       )

---

## DECLARATION OF GLEN LIEBER IN SUPPORT OF
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, GLEN LIEBER, declare as follows:

1.      I am a defendant in this case, and I make this declaration to support my motion to dismiss for lack of personal jurisdiction.

2.      I am an officer, employee, and sole owner of Infinity Engineering Inc. (a California Corporation), which provides consulting services to ThermopeutiX, Inc.  I am also an officer and minority shareholder in ThermopeutiX.  ThermopeutiX is a Delaware corporation with its principal place of business in San Diego, California.

3.      ThermopeutiX does not have any offices or employees in New York. ThermopeutiX does not have any bank accounts or other assets in New York.  ThermopeutiX has never sold any products in New York.

4.    I am a resident of California and have lived there for about 50 years.  I have never lived in New York.  I do not have any bank accounts, real property, or other assets in New York.

5.    I have traveled to New York three times since 2003.  Only one of those trips had any connection with Toev Medical Corporation.  In June 2003, I traveled to New York and had a single meeting with Ron Solar, Arthur Schwartz, and individuals from Ignition Ventures, Inc. regarding Toev, at the W Hotel.  All other contacts I had relating to Toev in that period took place in the form of a handful of telephone conferences in which I participated from California.  On those occasions, someone at Ignition Ventures would give me a toll free number that I could call to participate in the conference.  I would call the number from California.  I do not know where the other participants were located during the calls.

6.    My other two visits to New York had nothing to do with Toev.  In June 2004, I attended a cardiology conference in connection with my work for ThermopeutiX.  On the same trip, I had a short meeting with Arthur Schwartz; however, that meeting was unrelated to Toev.  My other visit was in June 2006, when I had my deposition taken in New York in connection with a lawsuit between Guidant and X Technologies, a company of which I used to be General Manager.

I declare under penalty of perjury of the laws under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.


Dated: August _23_, 2007

_____

Glen Bieber

45041.1