UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LAWRENCE OBSTFELD, individually and
derivatively on behalf of TOEV MEDICAL
CORPORATION, and IGNITION VENTURES,
INC.,

                Plaintiffs,

   -against-

ARTHUR SCHWARTZ, RONALD SOLAR,
RENAISSANCE BIOMEDICAL, INC., GLEN
LIEBER, and THERMOPEUTIX, INC.,

                Defendants.
-------------------------------------------------------------x

Case No. 07 CV 5847 (DAB)(FM)

ECF CASE

## DECLARATION OF AMY SALZHAUER IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

AMY SALZHAUER, declares as follows, pursuant to 28 U.S.C. §1746:

1. I am the president and Chief Executive Officer of plaintiff Ignition Ventures, Inc. ("Ignition"), and I submit this declaration in opposition to Glen Lieber's motion to dismiss for lack of personal jurisdiction.

2. Ignition and Toev Medical Corporation ("Toev") are parties to a consulting agreement under which Ignition assumed the start-up management of Toev and agreed to source funding for Toev in exchange for fees, an equity interest in Toev, and a seat on Toev's board of directors. A copy of consulting the agreement is annexed as Exhibit A.

3. I have reviewed the Declaration of Glen Lieber in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("Lieber Declaration").

4. I was in attendance at the June 2003 meeting in New York that Mr. Lieber references in paragraph 5 of the Lieber Declaration. The purpose of the meeting was to discuss Lieber and defendant Ronald Solar ("Solar") assuming positions as the permanent managers and officers of Toev Medical Corporation ("Toev"). Prior to the referenced meeting, Ignition, in its role

as start-up consultant, managed Toev along with defendant Dr. Arthur Schwartz, who was the sole member of Toev's board of directors. However, Toev had reached the point where it was ready to recruit permanent managers.

5. Solar had been recommended by Matthew McCooe of Columbia University as a person with the experience necessary to assume the position as the permanent manager of Toev. Lieber was Solar's deputy and had assisted him previously in connection with the management of medical technology companies. Prior to meeting with Solar and Lieber in New York in June 2003, Ignition performed background checks on both Solar and Lieber to determine whether they were qualified to assume the management of Toev.

6. At the June 2003 meeting, Ignition and Schwartz agreed that Solar would assume the position of Chief Executive Officer of Toev. It was also agreed that Lieber would join the senior management of the company to provide managerial support to Solar, as he had done in previous companies where they worked together

7. Ignition has offices in New York City located at 589 Broadway, New York, New York. On several occasions, Ignition personnel, including myself, traveled to New York to make presentations for individuals interested in making investments in Toev. Solar also held meetings with individuals interested in investing in Toev, including a meeting with interested investors held at Columbia University in New York, NY.

8. On several occasions while I was in New York, I had telephone discussions with Lieber from Ignition's New York offices concerning Toev and the progress Ignition was making in raising capital for Toev pursuant to the consulting agreement.

9. In July 2004, word began to spread in the investment community concerning Solar's abrupt refusal to allow Toev to consider offers of investment sourced by Ignition. As the result, Ignition's reputation amongst the pool of investors that it accessed was seriously damaged.

10. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 28, 2007.

_____
AMY SALZHAUER